```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 16-CV-21978-MOORE
                                  (11-CR-20678-MOORE)
                          MAGISTRATE JUDGE P. A. WHITE
```

MONTAVIS MIDDLETON,          :

    Movant,               :

v.                           :        **REPORT OF**
                                                    **MAGISTRATE JUDGE**

UNITED STATES OF AMERICA,    :

    Respondent.           :

_____

## I. Introduction

This matter is before this Court on the movant's Unopposed Motion to Hold § 2255 Motion in Abeyance Pending the Supreme Court's Decision in Beckles.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

## II. Discussion

The movant has filed motion to vacate his sentence arguing that he no longer qualifies as either a violent career criminal under the Armed Career Criminal Act or as a career offender under the Sentencing Guidelines. He contends that his prior convictions no longer qualify as violent felonies under the residual clause in light of Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). In Johnson, the United States Supreme Court held that the

ACCA's residual clause[1] is unconstitutionally vague. Id. at 2557. The movant contends that the residual clause of the Armed Career Criminal Act that was deemed void for vagueness in Samuel Johnson is identical to the definition of crime of violence under the guidelines. Therefore, vacatur of his sentence as a career offender is warranted.

Although the residual clause contained in the career offender enhancement is virtually identical to the ACCA's residual clause, the Eleventh Circuit has expressly rejected the argument that the advisory guidelines can be unconstitutionally vague, concluding that the vagueness doctrine applies only to laws that prohibit conduct and fix punishments, not advisory guidelines." United States v. Matchett, 802 F.3d 1185, 1189, 1193-96 (11th Cir. 2015). Therefore, the Eleventh Circuit has "squarely foreclose[d]" the movant's Johnson-based argument. United States v. Brown, 2015 WL 9301410 (11th Cir. Dec. 22, 2015). Given the foregoing, movant cannot demonstrate he is entitled to relief from is career offender designation based on the retroactivity or applicability of Johnson.

Notwithstanding, the Supreme Court in **June 2016** granted certiorari review to resolve a circuit split regarding whether the void for vagueness doctrine in the Samuel Johnson decision also applies to career offenders. See Beckles v. United States, Case No. 15-8544, 2016 WL 1029080 (2016). In Beckles v. United States, 616

---

[1]Under the ACCA the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**....

18 U.S.C. §924(e) (emphasis added).

Fed. Appx. 415, 416 (11th Cir. 2015), the Eleventh Circuit, on remand from the Supreme Court, affirmed the defendant's career offender sentence. The Eleventh Circuit in Beckles determined that the Supreme Court's decision in Johnson v. United States, __ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) did not apply to the defendant, because it does not control guideline definitions, and reiterated that their decision in United States v. Hall, 714 F.3d 1270 (11th Cir. 2013), remains good law until a decision of the Supreme Court clearly on point changes it. Id. (citing Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007) ("Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'")).

Given the Eleventh Circuit's binding precedent, the motion to vacate does not merit relief. However, the court may wish to stay imposition of judgment in this matter until such time as the Supreme Court issues a decision in Beckles, supra. If this matter is not stayed, and the movant later wishes to re-assert a Johnson claim in a second or successive §2255 motion, he may well be time-barred as the anniversary of Johnson expired on June 26, 2016. Therefore, the time to apply for permission to file a successive petition on that basis would expire if this first filing is dismissed. In re Robinson, ___ F.3d ____, 2016 WL 1583616, at *2 (11th Cir. Apr. 19, 2016) (Martin, Circuit Judge, concurring in judgment) (citing Dodd v. United States, 545 U.S. 353, 359 (2005)).

Under the AEDPA, the one-year limitations period for a §2255 motion, based on the Supreme Court's Johnson, decision, runs from the date of that decision, June 26, 2015, not the date on which it was declared retroactive to cases on collateral review. See 28 U.S.C. §2255(f)(3) (providing, as relevant here, that the one-year period runs from "the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); Dodd, 545 U.S. at 358-59 ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his §2255 motion.").

The law is well settled that federal district courts have the inherent power to stay proceedings in one suit until a decision is rendered in another. See Landis v. North Am. Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Gov't. of the Virgin Islands v. Neadle, 861 F.Supp. 1054 (M.D.Fla. 1994). Further, the parties to the two causes and the issues involved need not be identical for a court to have the power to stay a case. See Landis, 299 U.S. at 254. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-255; see also Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The district court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Where federal courts with concurrent jurisdiction are involved, there is no need to demonstrate compelling need for a stay, but merely that the stay is appropriate. Neadle, 861 F.Supp. at 1056. This is true, "[E]specially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Landis, 299 U.S. at 256. It is clear that the movant here is

seeking review of his sentence, which he claims is overturned in light of the Beckles case, currently under review by the Supreme Court. "The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." Neadle, 861 F.Supp. at 1055 (citing West Gulf Maritime Assn. v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir.1985)).

Therefore, the undersigned finds that a stay is appropriate in the above-styled action, as the resolution of Beckles will illuminate whether the Samuel Johnson decision will apply retroactively to career offenders. It is therefore recommended that the instant §2255 proceeding be STAYED pending the issuance of an opinion by the Supreme Court in Beckles v. United States, supra, and that the Clerk be directed to administratively CLOSE this case.[2]

### III. Conclusion

Based on the foregoing, it is recommended that: (1) this § 2255 proceeding be stayed pending the Supreme Court's decision in Beckles; (2) that the Clerk be directed to administratively CLOSE this case; (3) that no certificate of appealability issue, and (4) that this case be administratively closed, with instructions to the parties to file a notice with this court within thirty days of the

---

[2] It is also worth mentioning, however, that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. §4B1.2(a)(2), purportedly in response to the disagreement among the Circuits with respect to the application of Johnson to the parallel provision in the Sentencing Guidelines. The proposed amendment eliminates the residual clause and revises the list of specific enumerated offenses qualifying as crimes of violence. The effective date of this proposed amendment would be August 1, 2016. If the amendment is ultimately adopted and made retroactive, the movant can then return to this court, filing a motion, pursuant to 18 U.S.C. §3582, in the respective underlying criminal case. For the reasons previously stated in this Report, the undersigned, however, takes no position on whether the amendment will be made retroactively applicable; and, if so, whether it will entitle the movant to the relief requested.

issuance of the Supreme Court's <u>Beckles</u> decision so that the matter can be reopened.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>26th</u> day of July, 2016.

UNITED STATES MAGISTRATE JUDGE

cc: Julie Holt
    Federal Public Defender
    150 W Flagler Street Ste. 1700
    Miami, FL 33130

    Olivia S. Choe
    United States Attorney's Office
    99 N.E. 4th St.
    Miami, FL 33132